UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIO L. MELO
and other similarly-situated individuals,

      Plaintiff(s),

v.

STORMPROOF INC.,
GONZALO A. MONTERO, and
FERNANDO L. OROZCO individually

      Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, MARIO L. MELO, and other similarly-situated individuals,

by and through the undersigned counsel, and hereby sues Defendants STORMPROOF INC.,

GONZALO A. MONTERO, and FERNANDO L. OROZCO, individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages

   under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor

   Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIO L. MELO is a resident of Miami-Dade County; Plaintiff is a covered

   employee for purposes of the Act. (Plaintiff's complete name is Mario Leonardo Melo

   Diaz).

3. Defendant STORMPROOF, INC. (hereinafter STORMPROOF, INC., or Defendant) is a

   Florida corporation, having a place of business in Miami-Dade County, Florida, where

Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant GONZALO A. MONTERO was and is now, the owner/director/ of Defendant Corporation STORMPROOF, INC.

5. The individual Defendant FERNANDO L. OROZCO was and is now, the manager of Defendant Corporation STORMPROOF, INC.

6. The individual Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. This cause of action is brought by Plaintiff MARIO L. MELO to recover from Defendants minimum wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

9. Corporate Defendant STORMPROOF INC. is a manufacturer of impact resistant doors, and windows. STORMPROOF, INC., also provides installations, construction, and remodeling services.

10. Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO employed Plaintiff MARIO L. MELO as a non-exempt full time construction employee from approximately June 15, 2016, to September 19, 2016, or 14 weeks.

11. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

12. Plaintiff worked under the supervision of the owner of the business GONZALO A. MONTERO and his manager FERNANDO L. OROZCO.

13. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule.  Plaintiff worked from Monday to Saturday from 8:00 AM to 10:00 PM (14 hours each day). Thus, Plaintiff worked a total of 84 hours weekly. Plaintiff was unable to take any bona-fide lunch break.

14. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all hours worked at any rate.  Plaintiff was not paid even at the minimum wage as required by law.  In addition, Defendants did not pay Plaintiff for overtime hours at the rate of time and a half his regular hourly rate.

15. Plaintiff received just one week of regular wages, or $400.00, and two irregular and partial payments for a total value of $760.00

16. Plaintiff complained many times about his unpaid regular wages, and he was always promised to be paid soon, or next week.

17. On or about September 19, 2016, Plaintiff was forced to terminate his employment with Defendants because he was working too many hours without proper compensation.

18. Therefore, Defendants failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

19. Defendants did not have any time-keeping method, but they maintained a regular schedule, and they were able to keep track of hours worked by Plaintiff and other employees similarly situated. Plaintiff and other individuals similarly situated reported every day to Defendants'

place of business to pick up equipment and materials.  Plaintiff and other similarly situated employees were constantly monitored by manager FERNANDO L. OROZCO at Defendants' different projects and construction job sites.

20. Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

21. Plaintiff MARIO L. MELO seeks to recover unpaid regular wages and overtime hours at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

23. Plaintiff MARIO L. MELO re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff MARIO L. MELO  as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2016,

(the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant STORMPROOF INC. was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a manufacturer of impact resistant doors and windows and construction company. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

27. Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO employed Plaintiff MARIO L. MELO as a non-exempt full time construction employee from approximately June 15, 2016, to September 19, 2016, or 14 weeks.

28. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

29. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule.  Plaintiff worked from Monday to Saturday from 8:00 AM to 10:00 PM (14 hours each day). Thus, Plaintiff worked a total of 84 hours weekly. Plaintiff was unable to take any bona-fide lunch break.

30. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for overtime hours, at any rate, not even at the minimum wage rate.

31. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a.  Total amount of alleged unpaid O/T wages:

        Nine Thousand Two Hundred Forty Dollars and 68/100 ($9,240.00)

    b.  Calculation of such wages:

        Relevant weeks of employment:  14 weeks
        Total hours worked:  84 hours weekly
        Total overtime hours: 44 O/T hours

Regular rate: $10.00 x 1.5= $15.00 O/T rate

$15.00 O/T rate x 44 hours=$660.00 x 14 weeks=$9,240.00

Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

35. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At times mentioned, individual Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO were the owner/director/ and manager of STORMPROOF INC., respectively. Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of STORMPROOF INC. in relation to its employees, including Plaintiff and others similarly situated. Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO had absolute financial and operational control of the

Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

38. Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIO L. MELO and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARIO L. MELO and other similarly-situated individuals and against the Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARIO L. MELO, actual damages in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARIO L. MELO demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS

40. Plaintiff MARIO L. MELO re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

41. This action is brought by Plaintiff MARIO L. MELO and those similarly-situated to recover from the Employer STORMPROOF INC. unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

42. Defendant STORMPROOF INC. was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a manufacturer of impact resistant doors and windows and construction company. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

44. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO employed Plaintiff MARIO L. MELO as a non-exempt full time construction employee from approximately June 15, 2016, to September 19, 2016, or 14 weeks.

46. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

47. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule.  Plaintiff worked from Monday to Saturday from 8:00 AM to 10:00 PM (14 hours each day). Thus, Plaintiff worked a total of 84 hours weekly. Plaintiff was unable to take any bona-fide lunch break.

48. However, Plaintiff was not paid for all his hours worked.  Plaintiff was not paid regular wages at any rate, not even the minimum wage as required by law.

49. Plaintiff received just one week of regular wages, or $400.00, and 2 irregular and partial payments for a total value of $760.00.

50. The records, if any, concerning the number of hours worked by Plaintiff MARIO L. MELO, and all other similarly- situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

51. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

52. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

53. *Florida minimum wage is $8.05, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

    a.  Total amount of alleged unpaid wages:

    Three Thousand Seven Hundred Forty Eighty Dollars and 00/100 ($3,748.00)

    b.  Calculation of such wages:

    Total weeks of employment 14
    Total unpaid weeks:   13 weeks
    Total hours worked: 40 hours weekly
    Federal minimum wage:  $7.25
    Florida minimum wage: $8.05

    2016 Fl. minimum wage $8.05 x 40 hrs.= $322.00 x 14 weeks= $4,508.00
    $4,508.00-$760.00 paid = $3,748.00

    c.  Nature of wages:

This amount represents unpaid minimum wages.

54. Defendant STORMPROOF INC. unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

55. Defendant STORMPROOF INC. knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

56. At times mentioned, individual Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO were the owner/director/ and manager of STORMPROOF INC., respectively. Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of STORMPROOF INC. in relation to its employees, including Plaintiff and others similarly situated. Defendants GONZALO A. MONTERO and FERNANDO L. OROZCO had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

57. Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

58. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIO L. MELO and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARIO L. MELO and against the Defendants STORMPROOF, INC., GONZALO A. MONTERO, and FERNANDO L. OROZCO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIO L. MELO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:  October 25, 2016

Respectfully submitted

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.

Page **13** of **14**

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*